UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CITY OF WINDCREST** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No.  SA-07-CA-975-XR |
| | ) |
| **GIGANTE FLEA MARKET, L.P.,** *et al*. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER**

The City of Windcrest filed a petition in state court seeking to enjoin Defendants from accessing the building and premises known as Gigante Flea Market on the basis of alleged violations of the City's building and fire codes. Defendants responded, asserting affirmative defenses and a counterclaim against the City, along with third-party 42 U.S.C. § 1983 due process and equal protection claims against the City's Mayor, City Administrator, Director of Building Services, and Fire Marshall. Third-Party Defendants removed the case to this Court based on the § 1983 claims against them.

After removal, Third-Party Defendants filed a motion to dismiss based on qualified immunity (Docket No. 3). Defendants and Third-Party Plaintiffs responded, not addressing the motion's substantive arguments, but requesting an opportunity to conduct discovery before engaging those arguments.

**Factual Background**

Gigante Flea Market, L.P. owns property located along Interstate Highway 35 in Windcrest, Texas. On September 20, 2007, Windcrest's Director of Building Services and Fire Marshall visited the property and found numerous alleged violations of the 2006 International Fire Code and the National Electric Code. The city inspectors determined that the property presented a "substantial danger of injury" to anyone who visited the premises.[1] On October 1, 2007, the City filed a petition with the state district court, seeking issuance of a temporary restraining order and permanent injunction. That same day, the state district court issued a temporary restraining order, which was dissolved five days later pursuant to a joint motion by the parties.

In response to the original petition, Defendants filed an answer, asserting affirmative defenses and state law counterclaims against the City of Windcrest. In one of its counterclaims, Defendants seek a declaratory judgment that § 43.035 of the Texas Local Government Code is a local or special law in violation of Art. 3, § 56(a) of the Texas Constitution. Defendants contend that because § 43.035 is unconstitutional, the dis-annexation of the land on which there is located by the City of San Antonio, and the subsequent annexation by the City of Windcrest, were illegal actions. As a result, they allege their property is located in San Antonio. Because their property is in San Antonio, they argue the City of Windcrest has no standing to prosecute this suit.

The City of San Antonio intervened in the lawsuit, challenging Defendants' position that § 43.035 violates the Texas Constitution and asserting that a legal holding on this issue will inevitably affect its interest.

Defendants also filed third-party § 1983 claims against Windcrest's Mayor, City

---

[1] Petitioner's Original Petition at 4.

Administrator, Director of Building Services, and Fire Marshall. The § 1983 claims were brought against these officers in their individual capacities because they purportedly acted outside the scope of their office in allegedly violating Defendants' due process and equal protection rights. Specifically, Defendants assert that they are being targeted because Mr. Songmoo Shim is of Korean descent and Gigante Flea Market caters primarily to ethnic minorities. They further contend that Third-Party Defendants violated their rights by purportedly shutting down their business without notice or an opportunity for a hearing.

**Analysis**

Motion to Dismiss Standard

In determining the merits of a 12(b)(6) motion to dismiss, the Court must accept "all well-pleaded facts as true and . . . view them in the light most favorable to the plaintiff."[2] Moreover, the Court "may not look beyond the pleadings" in ruling on the motion.[3] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."[4] In other words,"factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[5]

---

[2] McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

[3] *Id*.

[4] In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007).

[5] Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007).

Qualified Immunity

The doctrine of qualified immunity "is intended to give government officials a right not merely to avoid standing trial, but also to **avoid the burdens of such pretrial matters as discovery.**"[6] Accordingly, courts should decide motions to dismiss for qualified immunity "at the earliest possible stage."[7] As the Supreme Court has stated, "until this threshold immunity question is resolved, **discovery should not be allowed**."[8] This is because discovery inquiries can be particularly "disruptive of effective government."[9]

In this case, Defendants and Third-Party Plaintiffs filed a response to Third-Party Defendants' motion to dismiss which did not substantively address the arguments made in the motion.[10] Instead, Third-Party Plaintiffs merely cited to this Court's Local Rule CV-12 and specified what types of discovery they needed to undertake before they could effectively respond.[11] Local Rule CV-12 reads in pertinent part:

---

[6] McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (emphasis added).

[7] *Id*.

[8] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (emphasis added).

[9] *McClendon*, 305 F.3d at 323.

[10] This is problematic because "when a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."(*Id*.).

[11] Third-Party Plaintiffs request depositions of the following persons before they respond: Windcrest's Mayor, City Administrator, Director of Building Services, and Fire Marshall, along with Representative Joe Straus, III and Mark Mitchell of Representative Straus' staff, the Executive Director of the Windcrest Economic Development Corporation, the Health Inspector for the City of Windcrest, and "certain unknown persons who took part in or conducted inspections of Gigante's property." (Docket No. 9 at 3). Third-Party Defendants also allege they will need to conduct written discovery and anticipate "that Court intervention may be sought to compel production of certain

When a party files a motion to dismiss or for summary judgment based on qualified or Eleventh Amendment immunity, the opposing party shall have eleven days from the date the motion is served on the opposing party to file a response and to specify what, if any, discovery is necessary to determine the issue(s) of qualified or Eleventh Amendment immunity and the time period necessary for the specific discovery.

Our Local Rule may violate established Supreme Court and Fifth Circuit law. At the very least, it did not envision a scenario where plaintiffs would request nine plus depositions before responding to a motion to dismiss for qualified immunity.

Therefore, Third-Party Plaintiffs' exclusive reliance on our Local Rule was misplaced. In interests of fairness, however, Third-Party Plaintiffs are given fourteen (14) days from the issuance of this Order to respond to the arguments made by Third-Party Defendants in their motion to dismiss.

It is so ORDERED.

SIGNED this 11th day of April, 2008.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

documents and testimony." (*Id.*).